**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Personalweb Technologies LLC and Level 3 Communications, LLC., Plaintiffs, | |
| v. | Civil Action No. 6:12-cv-00659 |
| Rackspace US, Inc.; and Rackspace Hosting, Inc. Defendants. | JURY TRIAL REQUESTED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PersonalWeb Technologies LLC ("PersonalWeb") files this Complaint for Patent Infringement against Rackspace US, Inc., and Rackspace Hosting, Inc. (collectively, "Rackspace"), and GitHub, Inc. ("GitHub"). Plaintiff PersonalWeb Technologies, LLC alleges:

## PRELIMINARY STATEMENT

1. PersonalWeb and Level 3 Communications, LLC ("Level 3") are parties to an agreement between Kinetech, Inc. and Digital Island, Inc. dated September 1, 2000 (the "Agreement"). Pursuant to the Agreement, PersonalWeb and Level 3 each own a fifty percent (50%) undivided interest in and to the patents at issue in this action: U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, 8,001,096, and 8,099,420 ("Patents-in-Suit"). Level 3 has joined in this Complaint pursuant to its contractual obligations under the Agreement, at the request of PersonalWeb.

2. Pursuant to the Agreement, Level 3 has, among other rights, certain defined rights to use, practice, license, sublicense and enforce and/or litigate the Patents-in-Suit in connection with a particular field of use ("Level 3 Exclusive Field"). Pursuant to the Agreement,

PersonalWeb has, among other rights, certain defined rights to use, practice, license, sublicense, enforce and/or litigate the Patents-in-Suit in fields other than the Level 3 Exclusive Field (the "PersonalWeb Patent Field").

3. All infringement allegations, statements describing PersonalWeb, statements describing any Defendant (or any Defendant products) and any statements made regarding jurisdiction and venue are made by PersonalWeb alone, and not by Level 3. PersonalWeb alleges that the infringements at issue in this case all occur within, and are limited to, the PersonalWeb Patent Field. Accordingly, PersonalWeb has not provided notice to Level 3—under Section 6.4.1 of the Agreement or otherwise—that PersonalWeb desires to bring suit in the Level 3 Exclusive Field in its own name on its own behalf or that PersonalWeb knows or suspects that Defendant are infringing or have infringed any of Level 3's rights in the patents.

## THE PARTIES

4. PersonalWeb Technologies LLC ("PersonalWeb") is a limited liability company organized under the laws of Texas with its principal place of business at 112 E. Line Street, Suite 204, Tyler, Texas, 75702. PersonalWeb was founded in August 2010 and is in the business of developing and distributing software based on its technology assets.

5. Level 3 Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

6. PersonalWeb's infringement claims asserted in this case are asserted by PersonalWeb and all fall outside the Level 3 Exclusive Field. Level 3 is currently not asserting patent infringement in this case in the Level 3 Exclusive Field against any Defendant.

7. Defendant Rackspace US, Inc. is a Delaware corporation with its principal executive offices at 800 Brazos, St, Ste. 400, Austin, Texas 78701-2548. Rackspace is

qualified to do business in the state of Texas, Filing No. 0800837400, and has appointed Capitol Corporate Services, Inc., 800 Brazos, St, Ste. 400, Austin, Texas 78701-2548, as its agent for service of process.

8. Defendant Rackspace Hosting, Inc. is a Delaware corporation with its principal executive offices at 9725 Datapoint Dr., Ste 100, San Antonio, Texas 78229-2384. Rackspace Hosting is qualified to do business in the state of Texas, Filing No. 0013193706, and has appointed Capitol Corporate Services, Inc., 800 Brazos, St, Ste. 400, Austin, Texas 78701-2548, as its agent for service of process.

9. Rackspace makes, distributes, and uses storage and software products, and offers storage and software services, to consumers in the United States and, more particularly, in the Eastern District of Texas.

10. GitHub, Inc. is a Delaware corporation with its principal executive offices at 548 4th Street San Francisco, CA 94107. Rackspace Hosting is qualified to do business in the state of Texas, Texas Taxpayer No. 32050746075. GitHub, Inc. has appointed Incorporating Services, Ltd., 3500 S Dupont Hwy, Dover, Delaware 19901, as its agent for service of process.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b). PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas. A substantial part of the events giving rise

to the asserted claims occurred in this judicial district, Defendant transact business in this judicial district, and the patents were infringed in this judicial district.

13. This Court has personal jurisdiction over Rackspace. Rackspace has conducted and continues to conduct business within the State of Texas. Rackspace, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and offers its products and services in the United States, the State of Texas, and the Eastern District of Texas. Rackspace has purposefully and voluntarily sold infringing software and performed infringing services in the PersonalWeb Patent Field with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Rackspace has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

**PERSONALWEB BACKGROUND**

14. PersonalWeb is in the business of developing and distributing software based on its technology assets. PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

15. PersonalWeb's products include a product referred to as "StudyPods…where social meets study™", a new social learning platform that enables students to connect, collaborate and share academic knowledge with each other at their own university or colleges worldwide. PersonalWeb's also is developing enterprise solutions, including proprietary technology assets utilizing natural language processing and semantic analysis to search for and deliver relevant content available on the Internet to users.

16. PersonalWeb also is developing the Global File Registry ("GFR") digital content management system, an online copyright protection and crime prevention tool that is a consolidated database containing unique identifiers of millions of infringing files captured and collected on behalf of multiple content owners and interested parties.

17. PersonalWeb protects its proprietary business applications and operations through a portfolio of patents in which it is an owner, including 13 issued and pending United States patents.

**INFRINGEMENT OF U.S. PATENT NO. 5,978,791**

18. On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers." PersonalWeb has an ownership interest in the '791 patent by assignment, including the exclusive right to enforce the '791 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '791 patent.

19. Rackspace has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Rackspace Cloud Files, Rackspace's use of OpenStack Software, including OpenStack Storage in Rackspace's products and services, Rackspace's distribution of OpenStack, Rackspace's use of Git/GitHub Code Hosting Service, Rackspace's use of Lucene, and Rackspace's use of Microsoft Sharepoint . Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

20. GitHub has infringed and continues to infringe the ’791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Git Code Hosting Service, and GitHub’s use of Rackspace hosting services including Rackspace Cloud Files. GitHub further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. GitHub is liable for its infringement of the ’791 patent pursuant to 35 U.S.C. § 271.

21. Rackspace’s and GitHub’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants’ wrongful acts in an amount subject to proof at trial. Defendants’ infringement of PersonalWeb’s rights under the ’791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

22. On July 2, 2002, United States Patent No. 6,415,280 (the “’280 patent”) was duly and legally issued for an invention entitled “Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data.” PersonalWeb has an ownership interest in the ’280 patent by assignment, including the exclusive right to enforce the ’280 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the ’280 patent.

23. Rackspace has infringed and continues to infringe the ’280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Rackspace Cloud Files, Rackspace’s use of OpenStack Software, including OpenStack Storage in Rackspace’s products and services, Rackspace’s distribution of OpenStack, Rackspace’s use of Git/GitHub Code Hosting Service, Rackspace’s use of Lucene, and Rackspace’s use of Microsoft Sharepoint . Rackspace further contributes to

and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the ’280 patent pursuant to 35 U.S.C. § 271.

24. GitHub has infringed and continues to infringe the ’280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Git Code Hosting Service, and GitHub’s use of Rackspace hosting services including Rackspace Cloud Files. GitHub further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. GitHub is liable for its infringement of the ’280 patent pursuant to 35 U.S.C. § 271.

25. Rackspace’s and GitHub’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants’ wrongful acts in an amount subject to proof at trial. Defendants’ infringement of PersonalWeb’s rights under the ’280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

26. On Aug 9, 2005, United States Patent No. 6,928,442 (the “’442 patent”) was duly and legally issued for an invention entitled “Enforcement and Policing of Licensed Content Using Content-based Identifiers.” PersonalWeb has an ownership interest in the ’442 patent by assignment, including the exclusive right to enforce the ’442 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the ’442 patent.

27. Rackspace has infringed and continues to infringe the ’442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services services within the PersonalWeb Patent Field: Rackspace Cloud Files, Rackspace’s use of

OpenStack Software, including OpenStack Storage in Rackspace's products and services, Rackspace's distribution of OpenStack, Rackspace's use of Git/GitHub Code Hosting Service, Rackspace's use of Lucene, and Rackspace's use of Microsoft Sharepoint . Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

28. GitHub has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Git Code Hosting Service, and GitHub's use of Rackspace hosting services including Rackspace Cloud Files. GitHub further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. GitHub is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

29. Rackspace's and GitHub's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PersonalWeb's rights under the '442 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,802,310**

30. On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent") was duly and legally issued for an invention entitled "Controlling Access to Data in a Data Processing System." PersonalWeb has an ownership interest in the '310 patent by assignment, including the exclusive right to enforce the '310 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '310 patent.

31. Rackspace has infringed and continues to infringe the ’310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field : Rackspace Cloud Files, Rackspace’s use of OpenStack Software, including OpenStack Storage in Rackspace’s products and services, Rackspace’s distribution of OpenStack, Rackspace’s use of Git/GitHub Code Hosting Service, Rackspace’s use of Lucene, and Rackspace’s use of Microsoft Sharepoint . Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the ’310 patent pursuant to 35 U.S.C. § 271.

32. GitHub has infringed and continues to infringe the ’310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Git Code Hosting Service, and GitHub’s use of Rackspace hosting services including Rackspace Cloud Files. GitHub further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. GitHub is liable for its infringement of the ’310 patent pursuant to 35 U.S.C. § 271.

33. Rackspace’s and GitHub’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants’ wrongful acts in an amount subject to proof at trial. Defendants’ infringement of PersonalWeb’s rights under the ’310 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,945,539**

34. On May 17, 2011, United States Patent No. 7,945,539 (the “’539 patent”) was duly and legally issued for an invention entitled “Distributing and Accessing Data in a Data

Processing System." PersonalWeb has an ownership interest in the '539 patent by assignment, including the exclusive right to enforce the '539 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '539 patent.

35. Rackspace has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field : Rackspace's use of Lucene. Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

36. Rackspace's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Rackspace the damages sustained by PersonalWeb as a result of Rackspace's wrongful acts in an amount subject to proof at trial. Rackspace's infringement of PersonalWeb's rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,945,544**

37. On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System." PersonalWeb has an ownership interest in the '544 patent by assignment, including the exclusive right to enforce the '544 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '544 patent.

38. Rackspace has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field : Rackspace's use of Lucene. Rackspace further contributes

to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the ’544 patent pursuant to 35 U.S.C. § 271.

39. Rackspace’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Rackspace the damages sustained by PersonalWeb as a result of Rackspace’s wrongful acts in an amount subject to proof at trial. Rackspace’s infringement of PersonalWeb’s rights under the ’544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,949,662**

40. On May 24, 2011, United States Patent No. 7,949,662 (the “’662 patent”) was duly and legally issued for an invention entitled “De-Duplication of Data in a Data Processing System.” PersonalWeb has an ownership interest in the ’662 patent by assignment, including the exclusive right to enforce the ’662 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the ’662 patent.

41. Rackspace has infringed and continues to infringe the ’662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field : Rackspace’s use of Lucene. Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the ’662 patent pursuant to 35 U.S.C. § 271.

42. Rackspace’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Rackspace the damages sustained by PersonalWeb as a result of Rackspace’s wrongful acts in an amount subject to proof at trial. Rackspace’s

infringement of PersonalWeb's rights under the '662 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 8,001,096**

43. On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers." PersonalWeb has an ownership interest in the '096 patent by assignment, including the exclusive right to enforce the '096 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '096 patent.

44. Rackspace has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field : Rackspace's use of Lucene. Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

45. Rackspace's described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Rackspace the damages sustained by PersonalWeb as a result of Rackspace's wrongful acts in an amount subject to proof at trial. Rackspace's infringement of PersonalWeb's rights under the '096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 8,099,420**

46. On January 17, 2012, United States Patent No. 8,099,420 (the "'420 patent") was duly and legally issued for an invention entitled "Accessing Data in a Data Processing System."

PersonalWeb has an ownership interest in the ’420 patent by assignment, including the exclusive right to enforce the ’420 patent within the PersonalWeb Patent Field, continues to hold that ownership interest in the ’420 patent.

47. Rackspace has infringed and continues to infringe the ’420 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Rackspace Cloud Files, Rackspace’s use of OpenStack Software, including OpenStack Storage in Rackspace’s products and services, Rackspace’s distribution of OpenStack, Rackspace’s use of Git/GitHub Code Hosting Service, Rackspace’s use of Lucene, and Rackspace’s use of Microsoft Sharepoint . Rackspace further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Rackspace is liable for its infringement of the ’420 patent pursuant to 35 U.S.C. § 271.

48. GitHub has infringed and continues to infringe the ’420 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Git Code Hosting Service, and GitHub’s use of Rackspace hosting services including Rackspace Cloud Files. GitHub further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. GitHub is liable for its infringement of the ’420 patent pursuant to 35 U.S.C. § 271.

49. Rackspace’s and GitHub’s described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants’ wrongful acts in an amount subject to proof at trial. Defendants’ infringement of PersonalWeb’s rights under the ’420 patent will continue to damage

PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT ONE—PATENT INFRINGEMENT AGAINST RACKSPACE AND GITHUB**

50. PersonalWeb incorporates herein by reference the allegations set forth in paragraphs 1-49 of this Complaint as though fully set forth herein.

51. Rackspace and GitHub have infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above. Rackspace amd GitHub are liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-in-Suit within the PersonalWeb Patent Field pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above. For PersonalWeb's claims of indirect infringement, Rackspace's and GitHub's end-user customers and consultants are direct infringers of the Patents-in-Suit within the PersonalWeb Patent Field.

52. Rackspace developed the OpenStack Software, including OpenStack Storage, for use in a way that infringes one or more claims of the Patents-in-Suit and advertises to its users to use the product in an infringing way. RackSpace advertises OpenStack Storage as providing "redundant, scalable object storage using clusters of standardized servers." Rackspace advertises that "OpenStack Storage scales to store petabytes of data, making it well suited to handle virtual machine images, photo storage, email storage and backup archiving inexpensively, through data replication and distribution across commodity hard drives." Further, Rackspace advertises that "Rackspace contributed the Cloud Files Swift code, which became OpenStack Object Storage," and that "Rackspace knows how to support OpenStack. [Rackspace] helped build it."

53. Rackspace provides instruction to its customers on use and operation of OpenStack Software, including OpenStack Storage. When Rackspace provides such instruction, and the customers follow those instructions, the customers directly infringe the Patents-in-Suit, and Rackspace induces the infringement.

54. GitHub developed the Git Code Hosting Service for use in a way that infringes one or more claims of the Patents-in-Suit and advertises to its users to use the product in an infringing way. GitHub advertises Git Code Hosting Service as providing "collaboration, code review, and code management for open source and private projects." GitHub advertises that Git has "amazing branching and merging ability."

55. GitHub provides instruction to its customers on use and operation of Git Code Hosting Services. When GitHub provides such instruction, and the customers follow those instructions, the customers directly infringe the Patents-in-Suit, and GitHub induces the infringement.

56. Defendant Rackspace had knowledge of the Patents-in-Suit at least by September 17, 2012, when Plaintiff notified Rackspace of the Patents-in-Suit and their infringement. And upon information and belief, GitHub had knowledge of the Patents-in-Suit at the same time that Plaintiff notified Rackspace of the Patents-in-Suit and their infringement, on September 17, 2012. After this date, Rackspace knew or should have known that its continued distribution of the OpenStack Software, including OpenStack Storage, and its continued support of OpenStack Software, including OpenStack Storage by existing users would induce direct infringement by those users. And GitHub knew or should have known that its continued distribution of Git Code Hosting Services and its continued support of Git Code Hosting

Services would induce direct infringement by those users. Further, Rackspace and GitHub intended that its continued actions would induce direct infringement by those users.

57. Rackspace continues to indirectly infringe the Patents-in-Suit through its continued marketing and distribution of OpenStack Software, including OpenStack Storage, and its continued support of OpenStack Software, including OpenStack Storage, by existing users, after Plaintiff notified Rackspace of the patents and their infringement by at least September 17, 2012. GitHub continues to indirectly infringe the Patents-in-Suit through its continued marketing and distribution of Git Code Hosting Services and its continued support of Git Code Hosting Services, by existing users, after Plaintiff notified Rackspace of the patents and their infringement, and upon information and belief that GitHub had knowledge of the patents and their infringement by GitHub, by at least September 17, 2012.

58. Additionally, Rackspace and GitHub have induced infringement of the Patents-in-Suit after September 17, 2012, though the instruction described in paragraph 52 and 54 of this Complaint.

59. By distributing OpenStack Software, including OpenStack Storage, Rackspace provides non-staple articles of commerce to others for use in infringing Cloud Platforms. Users of OpenStack Storage directly infringe the Patents-in-Suit for the reasons set forth under the allegations Paragraphs 18-49 and Paragraphs 52-58. OpenStack Storage customers, who directly infringe the Patents-in-Suit include, for example, Hewlett-Packard Company.

60. By distributing Git Code Hosting Services, Git provides non-staple articles of commerce to others for use in infringing source code versioning and management platforms. Users of Git Code Hosting Services directly infringe the Patents-in-Suit for the reasons set

forth under the allegations of Paragraphs 18-33 and 46-49, and Paragraphs 52-58. GitHub customers, who directly infringe the Patents-in-Suit, include, for example, Rackspace.

61. OpenStack Storage is advertised as having "DB Replication" and "Object Replication" capabilities. The "DB Replication" is advertised as being performed through the use of a "low-cost hash comparison to find out whether or not two replicas already match," and "[i]f the hashes differ, the replicator brings the databases in sync by sharing records added since the last sync point." The "Object Replication" is advertised as being performed through reading in "[t]he hash for a suffix directory," which are then "transmit[ted] to each remote server," and "suffix directories with differing hashes on the remote server are rsynced." And therefore, OpenStack Storage cannot be used without also infringing one or more claims of the Patents-in-Suit.

62. Git Code Hosting Service is advertised having a "Git object database" and "Git Internals" that is "content addressable." GitHub advertises that its customers are given access to read and write "raw Git objects [to the customer's] Git database on GitHub and to list and update [the customer's] references (branch heads and tags)," through the use of the Git DB API. GitHub advertises that the "commits," "trees," and "blobs" being addressed and manipulated by a hash, or "SHA" value. And therefore, Git Code Hosting Service cannot be used without also infringing one or more claims of the Patents-in-Suit.

63. Since at least by September 17, 2012, Rackspace had knowledge of the Patents-in-Suit. And on information and belief, at least by September 17, 2012 GitHub had knowledge of the Patents-in-Suit. After September 17, 2012 date, Rackspace had knowledge that OpenStack Software, including OpenStack Storage, which are non-staple articles of commerce, was used as a material part of the claimed inventions of the Patents-in-Suit. And on

information and belief, after September 17, 2012, GitHub had knowledge that Git Code Hosting Service, which are non-staple articles of commerce, was used as a material part of the claimed invention of the Patents-in-Suit.

64. Rackspace continues to contributorily infringe the Patents-in-Suit through its continued distribution of OpenStack Software, including OpenStack Storage, and by providing non-staple articles of commerce for others to use in infringing Cloud Platforms, after Plaintiff notified Rackspace that OpenStack Software, including OpenStack Storage, was used as a material part of the claimed inventions of the patents, by at least September 17, 2012. GitHub continues to contributorily infringe the Patents-in-Suit through its continued distribution of Git Code Hosting Services and by providing non-staple articles of commerce for others to use in infringing source code versioning and management platforms, on information and belief, after GitHub was notified that Git Code Hosting Service was used as a material part of the claimed inventions of the patents, by at least September 17, 2012.

65. Rackspace's and GitHub's acts of infringement have caused damage to PersonalWeb. PersonalWeb is entitled to recover from Rackspace and GitHub the damages sustained by PersonalWeb as a result of Rackspace's and GitHub's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Rackspace and GitHub have caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

66. Rackspace and GitHub have received actual notice of infringement.

## **DEMAND FOR JURY TRIAL**

PersonalWeb hereby demands a jury for all issues so triable.

**PRAYER**

WHEREFORE, PersonalWeb prays for judgment as follows:

1. that Defendants have infringed, directly and/or indirectly by inducing infringement of, and/or contributorily infringing, one or more claims of the Patents-in-Suit as described in this action;

2. requiring Defendants to pay PersonalWeb's actual damages;

3. requiring Defendants to pay to PersonalWeb supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

4. requiring Defendants to pay to PersonalWeb pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

5. requiring Defendants to pay to PersonalWeb all costs of this action;

6. requiring Defendants to pay attorneys' fees under 35 U.S.C. § 285;

7. enjoining Defendants, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it from further infringement of the Patents-in-Suit as described in this action;

8. in the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

9. such other and further relief as the Court deems just and equitable.

DATED: September 3, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

*/s/ Sam Baxter*

Sam Baxter (Lead Counsel)
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
David Sochia
Texas State Bar No. 00797470
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steve Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Roderick G. Dorman
rdorman@mckoolsmithhennigan.com
Lawrence M. Hadley
lhadley@mckoolsmithhennigan.com
McKool Smith, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone (213) 694-1200
Telecopier: (213) 694-1234

**Attorneys For Plaintiff**
**Personalweb Technologies, LLC**

David D. Wier
David.Wier@Level3.com

_/s/ David Wier ________________________
David Wier

**Attorneys for Plaintiff Level 3 Communications LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on September 3, 2013.

_/s/ Sam Baxter_______________________