**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| Personalweb Technologies LLC and<br>Level 3 Communications, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Rackspace US, Inc. and<br>Rackspace Hosting, Inc.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-cv-659<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Rackspace US, Inc. and Rackspace Hosting, Inc. (collectively "Rackspace") hereby respond to the First Amended Complaint ("Complaint") as follows:

1. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint.

2. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint.

3. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint.

4. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4 of the Complaint.

5. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint.

6. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 of the Complaint.

7. Rackspace admits the allegations of paragraph 7 of the Complaint other than the location of its principal office, which is located at 5000 Walzem Road, San Antonio, Texas 78218.

8. Rackspace admits the allegations of paragraph 8 of the Complaint, other than the location of its principal office, which is located at 5000 Walzem Road, San Antonio, Texas 78218.

9. Rackspace admits the allegations of paragraph 9 of the Complaint as to Rackspace US Inc. and denies them as to Rackspace Hosting, Inc.

10. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 related to GitHub. Rackspace admit the remaining allegations of paragraph 10.

11. Rackspace admits the allegations of paragraph 11 of the Complaint.

12. Rackspace admits the allegation of the first sentence of paragraph 12 of the Complaint but denies any implication that the Eastern District of Texas is the most convenient venue. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second and third sentences of paragraph 12 of the Complaint. Rackspace US, Inc. admits that it transacts business in the Eastern District of Texas and Rackspace denies the remaining allegations of paragraph 12 of the Complaint.

13. Rackspace US, Inc. admits the allegations of the first and second sentences of paragraph 13 of the Complaint. Rackspace denies those allegations as to Rackspace Hosting, Inc. and denies the remaining allegations of paragraph 13 of the Complaint as to Rackspace US, Inc.

14. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint.

15. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint.

16. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint.

17. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 of the Complaint.

18. Rackspace admits that a copy of U.S. Patent No. 5,978,791 entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers" was attached as Exhibit A to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18 of the Complaint.

19. Rackspace denies the allegations of paragraph 19 of the Complaint.

20. Rackspace denies the allegations of paragraph 20 of the Complaint.

21. Rackspace denies the allegations of paragraph 21 of the Complaint.

22. Rackspace admits that a copy of U.S. Patent No. 6,415,280 entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data" was attached as Exhibit B to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 22 of the Complaint.

23. Rackspace denies the allegations of paragraph 23 of the Complaint.

24. Rackspace denies the allegations of paragraph 24 of the Complaint.

25. Rackspace denies the allegations of paragraph 25 of the Complaint.

26. Rackspace admits that a copy of U.S. Patent No. 6,928,442 entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers" was attached as Exhibit C to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 26 of the Complaint.

27. Rackspace denies the allegations of paragraph 27 of the Complaint.

28. Rackspace denies the allegations of paragraph 28 of the Complaint.

29. Rackspace denies the allegations of paragraph 29 of the Complaint.

30. Rackspace admits that a copy of U.S. Patent No. 7,802,310 entitled "Controlling Access to Data in a Data Processing System" was attached as Exhibit D to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 30 of the Complaint.

31. Rackspace denies the allegations of paragraph 31 of the Complaint.

32. Rackspace denies the allegations of paragraph 32 of the Complaint.

33. Rackspace denies the allegations of paragraph 33 of the Complaint.

34. Rackspace admits that a copy of U.S. Patent No. 7,945,539 entitled "Distributing and Accessing Data in a Data Processing System" was attached as Exhibit E to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 34 of the Complaint.

35. Rackspace denies the allegations of paragraph 35 of the Complaint.

36. Rackspace denies the allegations of paragraph 36 of the Complaint.

37. Rackspace admits that a copy of U.S. Patent No. 7,945,544 entitled "Similarity-Based Access Control of Data in a Data Processing System" was attached as Exhibit F to the

Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37 of the Complaint.

38. Rackspace denies the allegations of paragraph 38 of the Complaint.

39. Rackspace denies the allegations of paragraph 39 of the Complaint.

40. Rackspace admits that a copy of U.S. Patent No. 7,949,662 entitled "De-duplication of Data in a Data Processing System" was attached as Exhibit G to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 40 of the Complaint.

41. Rackspace denies the allegations of paragraph 41 of the Complaint.

42. Rackspace denies the allegations of paragraph 42 of the Complaint.

43. Rackspace admits that a copy of U.S. Patent No. 8,001,096 entitled "Computer File System using Content-Dependent File Identifiers" was attached as Exhibit H to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 43 of the Complaint.

44. Rackspace denies the allegations of paragraph 44 of the Complaint.

45. Rackspace denies the allegations of paragraph 45 of the Complaint.

46. Rackspace denies that a copy of U.S. Patent No. 8,099,420 entitled "Accessing Data in a Data Processing System" was attached as Exhibit I to the Complaint. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 46 of the Complaint.

47. Rackspace denies the allegations of paragraph 47 of the Complaint.

48. Rackspace denies the allegations of paragraph 48 of the Complaint.

49. Rackspace denies the allegations of paragraph 49 of the Complaint.

50. Rackspace incorporates its previous responses to paragraphs 1-49 of the Complaint as if fully set forth herein.

51. Rackspace denies the allegations of paragraph 51 of the Complaint.

52. Rackspace denies the allegations of the first sentence of paragraph 52 of the Complaint and admits the remaining allegations.

53. Rackspace admits the allegations of the first sentence of paragraph 53 of the Complaint and denies the remaining allegations.

54. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54 of the Complaint.

55. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55 of the Complaint.

56. Rackspace admits the allegations of the first sentence of paragraph 56 of the Complaint and denies the remaining allegations.

57. Rackspace denies the allegations of paragraph 57 of the Complaint.

58. Rackspace denies the allegations of paragraph 58 of the Complaint.

59. Rackspace denies the allegations of paragraph 59 of the Complaint.

60. Rackspace denies the allegations of paragraph 60 of the Complaint.

61. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first three sentences of paragraph 61 of the Complaint and denies the remaining allegations.

62. Rackspace lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first three sentences of paragraph 62 of the Complaint and denies the remaining allegations.

63. Rackspace admits the allegations of the first sentence of paragraph 63 of the Complaint, denies the remaining allegations with respect to itself and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to GitHub.

64. Rackspace denies the allegations of paragraph 64 of the Complaint.

65. Rackspace denies the allegations of paragraph 65 of the Complaint.

66. Rackspace admits the allegations of paragraph 66 of the Complaint with respect to itself and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to GitHub.

67. Rackspace does not believe that a response to the Prayer is required. However, to the extent that Plaintiff asserts that it is entitled to any relief, Rackspace disagrees with such assertions and denies the propriety of any relief sought.

## AFFIRMATIVE DEFENSES

68. Rackspace does not infringe and has not infringed, directly, indirectly, literally, under the doctrine of equivalents, or under any other legal theory, any valid or enforceable claim of any of U.S. Patent No. 5,978,791, U.S. Patent No. 6,415,280, U.S. Patent No. 6,928,442, U.S. Patent No. 7,802,310, U.S. Patent No. 7,945,539, U.S. Patent No. 7,945,544, U.S. Patent No. 7,949,662, U.S. Patent No. 8,001,096, and U.S. Patent No. 8,099,420 (the "Patents-in-Suit").

69. The claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

70. Plaintiffs lack standing to sue on the Patents-in-Suit.

71. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches and/or estoppel.

72. Plaintiffs' claims are barred in whole or in part by the doctrine of prosecution history estoppel.

73. Plaintiffs' claims are barred in whole or in part by license and/or the rights to the Patents-in-Suit are exhausted.

74. Rackspace reserves the right to add additional defenses as the case proceeds through discovery.

DATED: September 24, 2013

Respectfully submitted,

/s/ Paul V. Storm

Paul V. Storm
Texas State Bar No. 19325350
pvstorm@gardere.com
Sarah M. Paxson
Texas State Bar No. 24032826
spaxson@gardere.com
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000
Fax: (214) 999-4667

***Counsel for Rackspace US, Inc. and Rackspace Hosting, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on counsel of record via CM/ECF on September 24, 2013.

/s/ Paul V. Storm